UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS W. MCNAMARA, as the Court-Appointed Monitor for AMG Capital Management, LLC; BA Services LLC; Black Creek Capital Corporation; Broadmoor Capital Partners, LLC; Park 269, LLC; C5 Capital LLC; DF Services Corp.; DFTW Consolidated [UC] LLC; Impact BP LLC; Level 5 Apparel LLC; Level 5 Capital Partners LLC; Level 5 Eyewear LLC; Level 5 Motorsports, LLC; Level 5 Scientific LLC; NM Service Corp. (f/k/a/ National Money Service); PSB Services LLC; Real Estate Capital LLC (f/k/a/ Rehab Capital I, LLC); Sentient Technologies; ST Capital LLC; Westfund LLC; Eclipse Renewables Holdings LLC; Scott Tucker Declaration of Trust, dated February 20, 2015; West Race Cars, LLC; and Level 5 Management LLC; and their successors, assigns, affiliates, and subsidiaries,<br><br>        Plaintiff,<br>  v.<br><br>LINDA HALLINAN, an individual; CAROLYN HALLINAN, an individual; DOES I-X; and ROE CORPORATIONS I-X,<br><br>        Defendants. | Case No. 2:17-cv-02967-GMN-PAL<br><br>**PROTECTIVE ORDER** |

Upon consideration of the Monitor's motion for a protective and confidentiality order, the Court having found that the discovery of information that implicates third-party confidentiality rights and/or that is confidential or proprietary has been requested in this action, and that the disclosure and distribution of such information should be reasonably restricted, the Court finds that good cause exists for the entry of this Order, and it is hereby ORDERED as follows:

**I.    DEFINITIONS**

    A.   "Party" means any of the parties to this action, including the Monitor, and any of their officers, directors, partners, members, principals or affiliates.

    B.   "Counsel" means counsel of record in this action for any of the parties to this action and those attorneys' stenographic, clerical, and paralegal employees, or outside support personnel and services whose duties and responsibilities in the conduct of this action require access to Confidential Material.

    C.   "Discovery Material" means:

        (1)   any information, document, tangible thing, or response to discovery requests pursuant to Fed. R. Civ. P. 33, 34, or 36;

        (2)   any deposition testimony or transcript revealed during depositions upon oral or written examination pursuant to Fed. R. Civ. P. 30, or 31;

        (3)   any document, thing, or premises made available for inspection or produced to the Receiving Party pursuant to Fed. R. Civ. P. 26, 33, or 34;

        (4)   any document, thing, or premises made available for inspection or produced to the Receiving Party in response to a subpoena pursuant to Fed. R. Civ. P. 45; and

        (5)   any other similar materials, or portions thereof.

    D.   "Producing Party" means any party or non-party who produces Discovery Material, including its directors, employees, and agents.

    E.   "Receiving Party" means a party (including the Monitor) to this action, including all employees, agents, and directors (other than Counsel) of the Party, who receives Discovery Material from a Producing Party.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

    F.    "CONFIDENTIAL" means any document, discovery response, testimony, or information that the Producing Party reasonably believes embodies: (i) trade secrets, proprietary, or other confidential business information; (ii) private personal or personnel information; (iii) information received in confidence from third parties; or (iv) information invasive of an individual's legitimate privacy interests.

    G.    "Confidential Material" means any Discovery Material, and any copies, abstracts, summaries, or information derived from such Discovery Material, and any notes or other records embodying or disclosing the contents of such Discovery Material, that is designated as CONFIDENTIAL in accordance with section II below.

## II. DESIGNATION OF CONFIDENTIAL MATERIAL

Any document, any information produced on magnetic disk or other computer-related media, and any portion of oral testimony produced or given in this action that is asserted by Producing Party to contain or constitute CONFIDENTIAL information shall be so designated by Producing Party. The first page of each document or the front of each disk that contains CONFIDENTIAL information shall be marked on its face with the following legend:

"CONFIDENTIAL"

Transcript pages containing or constituting CONFIDENTIAL information shall be marked CONFIDENTIAL on each such page, and the transcript shall be marked confidential on its cover page.

## III. ACCESS TO CONFIDENTIAL MATERIAL

    A.    Subject to section III(B) and III(C), in the absence of an order of the Court, any CONFIDENTIAL information produced in accordance with the provisions of section II above shall be used solely for purposes of the prosecution and defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal, public or other purpose, and shall not be disclosed to or discussed with any person other than: (i) Counsel for the Receiving Party; (ii) persons employed by, or who are independent contractors of,

1  the Receiving Party who are participating in the management of the litigation and
2  the preparation of this case for trial; (iii) outside experts or consultants who are
3  engaged for the purpose of this action by the Receiving Party and such experts' or
4  consultants' support personnel; (iv) a deponent, who may be shown or examined
5  on any information, document or thing designated CONFIDENTIAL if it appears
6  that the deponent authored, prepared, or received it; (v) certified court reporters
7  taking testimony involving such CONFIDENTIAL information and their support
8  personnel; and (vi) the Court (including any trier of fact) in connection with the
9  proceedings in this action.

10  B.  Outside Experts and Consultants.  Subject to the provisions of this Protective
11  Order, all Confidential Material may be disclosed to any outside expert or
12  consultant engaged by a Party for the purpose of this action who has agreed to be
13  bound by the terms of this Protective Order by signing an Acknowledgement form
14  attached as Exhibit A.  Executed copies of the Acknowledgment form shall be
15  exchanged between counsel promptly upon request, and the absence of a signed
16  Acknowledgment justifies the Producing Party's refusal to provide documents
17  until a signed Acknowledgment is provided by the Receiving Party.

18  C.  Acknowledgment of Protective Order.  Before obtaining access to any
19  Confidential Material covered by this Protective Order, any person who is
20  authorized to have access to Confidential Material pursuant to this Protective
21  Order must have agreed in writing to be bound by the terms of this Protective
22  Order by signing an Acknowledgement form attached as Exhibit A, an executed
23  copy of which shall be provided to the opposing party.  This provision does not
24  apply to Parties, employees of a Party, or Counsel for a Party (including all
25  employees, support staff, or those of Counsel's law firm or agency), all of whom
26  may access Confidential Information without separately signing Exhibit A.

27  D.  Disclosure Pursuant to Consent.  Confidential Material may be disclosed to
28  anyone so authorized by prior written consent of the Producing Party, and no

3

1                 Party is restricted in any way by this Protective Order in disclosing its own
2                 Confidential Material.

3         The limitations on disclosure contained in this Protective Order shall apply to documents or information that were in the possession of the Receiving Party before commencement of the action entitled, *Federal Trade Commission v. AMG Services, Inc. et al.*, District of Nevada, Case No. 2:12-cv-00536-GMN-VCF. However, the limitations on disclosure contained in this Protective Order shall not apply to documents or information that are or become published or available in a manner not in violation of this Protective Order.

### IV.   COURT PROCEDURES

If either Party wishes to file document(s) containing CONFIDENTIAL information with the Court, that Party shall file a motion to seal and comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

If the sole ground for a motion to seal is that the opposing Party (or non-party) has designated a document as subject to protection pursuant to the stipulated protective order, the movant must notify the opposing Party (or non-party) at least seven days prior to filing the designated document. The designating Party must then make a good faith determination if the pertinent standard for sealing is met. To the extent the designating Party does not believe the pertinent standard for sealing can be met, the designating Party shall indicate that the document may be filed publicly no later than four days after receiving notice of the intended filing. To the extent the designating Party believes the pertinent standard for sealing can be met, the designating Party shall provide a declaration supporting that assertion no later than four days after receiving notice of the intended filing. The filing Party shall then attach that declaration to its motion to seal the designated material. If the designating Party fails to provide such a declaration in support of the motion to seal, the filing Party shall file a motion to seal so indicating and the Court may order the document filed in the public record.[1]

---

[1] In the event of an emergency motion or other instances of expedited briefing, the above procedures shall not apply. Instead, the movant shall file a motion to seal and the designating party shall file a declaration in support of that motion to seal within three days of its filing. If the designating party fails to timely file such a declaration, the Court may order the document filed in the public record.

1 **V. HANDLING OF CONFIDENTIAL MATERIAL**

2     A.    Nothing herein shall restrict a person authorized to have access pursuant to
3           paragraph III(A) from making working copies, abstracts, digests, and/or analyses
4           of Confidential Material for use in connection with this action.  Such working
5           copies, abstracts, digests, and analyses shall be deemed to have the same level of
6           protection as the original Confidential Material under the terms of this Protective
7           Order.  Further, nothing herein shall restrict an authorized recipient from
8           converting or translating such information into machine-readable form for
9           incorporation in a data retrieval system used in connection with this action,
10          provided that access to such information, in whatever form stored or reproduced,
11          shall be limited to authorized recipients.

12     B.    If the Producing Party through inadvertence produces any CONFIDENTIAL
13          document or thing without labeling, marking, or otherwise designating it as such
14          in accordance with the provisions of this Protective Order, the Producing Party
15          may give written notice to the Receiving Party that the document or thing
16          produced is deemed CONFIDENTIAL and should be treated as such in
17          accordance with the provisions of this Protective Order.  The Receiving Party
18          must treat such document or thing with the noticed level of protection from the
19          date such notice is received.  Promptly upon providing such notice to the
20          Receiving Party, the Producing Party shall provide the Receiving Party with
21          another copy of the document or thing that bears the new confidentiality
22          designation under this Protective Order.

23     C.    Non-parties may be examined and may testify concerning any document
24          containing CONFIDENTIAL information of a Producing Party that clearly
25          appears on its face or from other documents or testimony to have been prepared
26          by, received by, known by, or communicated to the non-party.

27     D.    If no confidentiality designation of deposition testimony is made at the time of the
28          deposition, any transcript containing CONFIDENTIAL information shall be

|     |     |                                                                                      |
| --- | --- | ------------------------------------------------------------------------------------ |
| 1   |     | designated as containing such information by no later than thirty (30) calendar       |
| 2   |     | days after receipt of the transcript of the deposition.  Otherwise, such transcript   |
| 3   |     | shall not be deemed Confidential Material.                                            |
| 4   | E.  | This Protective Order shall not prevent any Party from moving the Court for an        |

           order that a non-party witness may be examined and may testify concerning any document containing CONFIDENTIAL information.  Prior to so moving, the moving Party seeking to examine the non-party witness or have the non-party witness testify may (but is not required to) instead seek the other Party's agreement by requesting, in writing, to examine the non-party witness or have the non-party witness testify and shall identify the documents designated as about which it seeks to examine the non-party witness or about which it seeks to have the non-party witness testify.  In any motion, the moving Party shall have the burden of establishing before the Court the need for the non-party witness to be examined about or testify about the CONFIDENTIAL document or information.

## VI.   PROCEDURE TO CHALLENGE DESIGNATIONS

This Protective Order shall not prevent any Party from moving the Court for an order that information designated as CONFIDENTIAL by Producing Party is not, in fact, CONFIDENTIAL information.  Prior to so moving, the Parties shall meet and confer in compliance with LR 26-7(c), after which, if the issue is unresolved, the Party seeking to reclassify the information shall seek the Producing Party's agreement by objecting, in writing, to the designation by specifying to information at issue and the grounds for questioning the designation.  The Producing Party shall have ten (10) court days to respond to such request.  In any motion, the Producing Party shall have the burden of establishing before the Court the need for classification as CONFIDENTIAL.  In connection with any such motion, the Producing Party's designation shall be given NO WEIGHT.

## VII.   INADVERTENTLY PRODUCED MATERIAL

The inadvertent disclosure or production of any Discovery Material that is subject to an objection on the basis of attorney-client privilege or work-product protection, or that

inadvertently lacks a CONFIDENTIAL designation under this Protective Order, will not be deemed to waive a Producing Party's claim to its privileged or protected nature or estop the Producing Party or the privilege holder from designating the Discovery Material as attorney-client privileged, subject to the work product doctrine, or designated as CONFIDENTIAL at a later date.

Any Receiving Party who becomes aware of any produced Discovery material that is privileged or subject to work product protections shall immediately notify the Producing Party of that fact in writing.

Disclosure of the Discovery Material prior to an assertion of privilege, work product protection or a CONFIDENTIAL designation shall not be deemed a violation of the provisions of this Order. This Order and clawback provision are guided but not limited by Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B).

**VIII. RIGHT TO FURTHER RELIEF**

Nothing in this Protective Order shall abridge the right of any Party to seek judicial modification or amendment of this Protective Order.

**IX. RIGHT TO ASSERT OTHER OBJECTIONS**

This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing Discovery Material.

**X. SURVIVAL OF OBLIGATIONS**

The obligations created by this Protective Order shall survive the termination of this action unless otherwise modified by the Court. The Court shall retain jurisdiction, even after termination of this action, to enforce this Protective Order and to make such amendments and modifications to this Protective Order as may be appropriate.

IT IS SO ORDERED:

_____

UNITED STATES MAGISTRATE JUDGE

Dated: __October 23__, 2018

7

EXHIBIT A
Page 8

**Attachment A**

**Acknowledgment of Receipt of Protective and**

**Confidentiality Order and Contempt for Violation of Order**

The undersigned hereby acknowledges receipt of a copy of the Protective Order (the "Order") entered by the Court in *Thomas W. McNamara et. al. v. Linda Hallinan et al.*, 2:17-cv-02967-GMN-PAL (D. Nev). The undersigned states that he or she has read, fully understands, and agrees to be bound by the provisions of said Order with respect to documents or information designated "CONFIDENTIAL" including the prohibition on the communication of any information contained in such documents or information except pursuant to the explicit terms of the Order, and is aware that for any violation of the provisions of said Order, he or she is subject to such penalties as the Court may direct. The undersigned further expressly acknowledges that the disclosure in any manner of "CONFIDENTIAL" information other than as allowed by the Confidentiality Order will constitute a violation of an Order of the Court.

_____
Signature

_____
Name (printed or typed)

_____
Title

_____
Date