**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

THOMAS W. MCNAMARA,

        Plaintiff,

   v.

LINDA HALLINAN, et al.,

        Defendants.

Case No. 2:17-cv-02967-GMN-BNW

**ORDER**

By way of background, this case is before this court based on a complaint filed by the Federal Trade Commission[1] seeking to recapture what it alleges are fraudulent transfers of hundreds of thousands of dollars in monitorship estate assets transferred to Linda Hallinan and Carolyn Hallinan. It also seeks to recover all "interest payments" paid to them.

Presently before the Court are several motions for leave to file motions for summary judgement, responses, and replies under seal.

Defendant Linda Hallinan filed a motion to seal her motion for summary judgment (ECF No. 103) and an amendment to that motion (ECF No. 111). Plaintiff Thomas McNamara filed a motion to seal his opposition to Linda Hallinan's motion for summary judgement (ECF No. 122). Linda Hallinan filed a motion to seal the reply to her motion for summary judgment (ECF No. 126). There have been no oppositions to these requests, although Plaintiff notes he does not believe any of the requests meet the compelling need standard.

---

[1] Plaintiff Thomas McNamara is the court-appointed monitor in *Federal Trade Commission v. AMG Services, Inc., et al.*, case No. 2:12-cv-00536-GMN-VCF.

In addition, Plaintiff Thomas McNamara filed a motion to seal his motion for summary judgment against defendant Linda Hallinan (ECF No. 106). Linda Hallinan filed a motion to seal her opposition to Plaintiff's motion for summary judgement (ECF No. 120). Plaintiff filed a motion to seal the reply to his motion for summary judgment under seal (ECF No. 127). There have been no oppositions to these requests, although Plaintiff again notes he does not believe any of the requests meet the compelling need standard.

Lastly, Defendant Carolyn Hallinan filed a motion to seal her motion for summary judgment (ECF No. 104). Plaintiff Thomas McNamara filed a motion to seal his opposition to Carolyn Hallinan's motion for summary judgement (ECF No. 116). Carolyn Hallinan filed a motion to seal the reply to her motion for summary judgment (ECF No. 130). There have been no oppositions to these requests, although Plaintiff again notes he does not believe any of the requests meet the compelling need standard.

Carolyn Hallinan also filed a motion to extend the deadline in which to file her motion for summary judgment (ECF No. 105).

These motions can be separated into three different requests: (1) Defendant Linda Hallinan's request to have all the documents filed in connection to her motion for summary judgment under seal, (2) Plaintiff's request to have all the documents filed in connection to his motion for summary judgment under seal, and (3) Defendant Carolyn Hallinan's request to have all the documents filed in connection to her motion for summary judgment under seal. This court will analyze each in turn. Before doing so, the court will set forth the applicable law.

## I.    Legal Standard

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record "bears the burden of overcoming this strong presumption." *Id.* In the case of dispositive motions, the party seeking to seal the record "must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79 (alteration and internal

quotation marks and citations omitted). This applies to exhibits subject to a protective order. *Id*. at 1179. Among the compelling reasons which may justify sealing a record are "when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (quotation omitted). However, avoiding a litigant's "embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*. Even if the court finds a compelling reason, "[t]he court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id*.

## II. Defendant Linda Hallinan's Request to File All the Documents Related to Her Motion for Summary Judgment Under Seal

Defendant Linda Hallinan requests to have her motion for summary judgment filed under seal. She argues that the motion for summary judgment contains arguments and allegations that are subject to a protective order. She requests a "reasonable amount of time" to identify the testimony and references that should be redacted and to file a redacted version of her motion under seal. She also filed an amended motion but does not offer any new arguments. Plaintiff does not believe compelling grounds exist in this case and explains that, in typical cases, these documents are filed publicly. The only reason he seeks to file his response to Linda Hallinan's motion under seal is because her counsel has not consented to the public filing of these documents and because the protective order the parties agreed to covers these documents. Linda Hallinan's motion to file the reply to her motion for summary judgment under seal does not advance any new arguments.

This court will deny Defendant Linda Hallinan's request. First, the information she seeks to keep sealed is associated with a dispositive motion. Thus, a compelling need must be shown. Linda Hallinan does not even identify the nature of the information she seeks to maintain under seal, making it impossible for this court to determine whether a compelling reason to seal these documents exists. The fact that these documents may be subject to a protective order is not, without any additional information, sufficient to meet the standard set out in *Kamakana*. Lastly,

while she requests a reasonable period to file a redacted version of the motion and the reply, several months have passed and she has not filed anything. As a result, it does not appear that there is any compelling need to keep this information under seal. The court will only allow for the redaction of any bank account information or other personal identifiers. Defendant Linda Hallinan is to file ECF Nos. 103, 111 and 126 with the redactions allowed for above, if applicable. Plaintiff is to file ECF No. 122 with the redactions allowed for above, if applicable. These redacted filings are due within 30 days of this order. This court will maintain ECF Nos. 103, 111, 122 and 126 under seal. Should the court not receive a redacted version of these documents within 30 days of this order, it will unseal the documents for which no redacted version has been filed.

### III. Plaintiff's Request to File All Documents Related to His Motion for Summary Judgment Against Linda Hallinan Under Seal

Plaintiff Thomas McNamara requests that his motion for summary judgment be filed under seal—not because he believes a compelling need exists, but simply to honor the protective order which covers this category of information. At most, he suggests that the bank account numbers should be redacted. Linda Hallinan requests her response to the motion for summary judgment be filed under seal as it contains arguments and allegations that are subject to a protective order. She also requests a "reasonable amount of time" to identify the testimony and references that should be redacted and to file a redacted version of her response under seal. Plaintiff Thomas McNamara's motion to file the reply to his motion for summary judgment under seal does not advance any new arguments.

This court will deny Plaintiff Thomas McNamara's request. First, the information he seeks to keep sealed is associated with a dispositive motion. Thus, a compelling need must be shown. He agrees that there is no compelling need, and that these types of documents are typically not filed under seal. Linda Hallinan does not even identify the nature of the information she seeks to maintain under seal, making it impossible for this court to determine whether a compelling reason to seal this information exists. Lastly, while she requests a reasonable period to file a redacted version of the motion and the reply, several months have passed and she has not

filed anything. As a result, it does not appear that the need to keep this information sealed is compelling at all. The court will only allow for the redaction of any bank account information or other personal identifiers. Plaintiff Thomas McNamara is to file ECF Nos. 106 and 127 with the redactions allowed for above, if applicable. Defendant Linda McNamara is to file ECF No. 120 with the redactions allowed for above, if applicable. These redacted motions are due within 30 days of this order. This court will maintain ECF Nos. 106, 120, and 127 under seal. Should the court not receive a redacted version of these documents within 30 days of this order, it will unseal the documents for which no redacted version has been filed.

### IV. Defendant Carolyn Hallinan's Request to File All Documents Related to Her Motion for Summary Judgment Under Seal

Defendant Carolyn Hallinan requests to have her motion for summary judgment filed under seal. She argues that the motion for summary judgment contains arguments and allegations that relate to documents and information, such as copies of her bank records, subject to a protective order. She refers this court to *NML Capital, Ltd. v. Republic of Argentina*, 2015 WL 3489684 (D. Nev. June 3, 2015), where the court found good cause to seal bank records containing sensitive financial information. She requests a "reasonable amount of time" to identify the testimony and references that should be redacted and to file a redacted version of her motion under seal. Plaintiff does not believe compelling reasons exist in this case to seal these records and explains that, in typical cases, these documents are filed publicly. At most, he believes e-mail addresses contained in these documents could be subject to redaction. The only reason he seeks to file his response to Carolyn Hallinan's motion under seal is because her counsel has not consented to the public filing of these documents and because the protective order the parties agreed to covers these documents. Carolyn Hallinan's motion to file the reply to her motion for summary judgment under seal does not advance any new arguments.

This court will deny Defendant Carolyn Hallinan's request. First, the information she seeks to keep sealed is associated with a dispositive motion. Thus, a compelling need must be shown. As a result, *NML Capital* is inapplicable to the facts of this case. Next, the case law

explaining the strong public policy interests in keeping court documents unsealed and accessible to the public is particularly relevant to this case. The allegations revolve around fraudulent transfers, and this information may be contained in the same documents she seeks to keep sealed. Lastly, while she requests a reasonable period to file a redacted version of the motion and the reply, several months have passed and she has not filed anything. As a result, it does not appear that the need to keep this information is compelling at all. The court will only allow for the redactions of any bank account information or other personal identifiers. Defendant Carolyn Hallinan is to file ECF Nos. 104 and 130 with the redactions allowed for above, if applicable. Plaintiff is to file ECF No. 116 with the redactions allowed for above, if applicable. These redacted motions are due within 30 days of this order. This court will maintain ECF Nos. 104, 116, and 130 under seal. Should the court not receive a redacted version of these documents within 30 days of this order, it will unseal the documents for which no redacted version has been filed.

### V.     Carolyn Hallinan's Motion to Extend the Deadline to File Motion for Summary Judgment

Defendant Carolyn Hallinan asks the court to continue the deadline to file her motion for summary judgment by four days. She explains that she attempted to file the motion on the day it was due, September 13, 2019, but she was unable to do so due to technical issues with the electronic filing system. Once she was able to resolve that problem, she promptly filed her motion on September 16, 2019. Plaintiff has not opposed this request.

"A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect." LR 26-4. In evaluating excusable neglect, the court considers the following equitable factors: (1) the reason for the delay, (2) whether the moving party acted in good faith, (3) the length of the delay and its potential impact on the proceedings, and (4) the danger of prejudice to the nonmoving party. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (*citing Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993)). It is within the court's discretion to

determine whether excusable neglect exists. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004). Here, Defendant Carolyn Hallinan explains she had difficulty with the electronic filing system. She immediately moved for an extension and only requested the necessary amount of time to fix the problem. She has established that she acted in good faith. The Plaintiff did not oppose, and there does not appear to be any prejudice to him or any impact to the proceedings. As a result, this court will grant the motion *nunc pro tunc*.

**VI. Conclusion**

Based on the information above,

**IT IS ORDERED** that ECF Nos. 103, 104, 106, 111, 116, 120, 122, 126, 127, and 130 are GRANTED in part and DENIED in part. They are granted to the extent discussed below and denied in all other respects.

**IT IS FURTHER ORDERED** that ECF Nos. 103, 111, 122 and 126 will remain under seal. Should the court not receive a redacted version of these documents within 30 days of this order, it will unseal the documents for which no redacted version has been filed.

**IT IS FURTHER ORDERED** that ECF Nos. 106, 120, and 127 will remain under seal. Should the court not receive a redacted version of these documents within 30 days of this order, it will unseal the documents for which no redacted version has been filed.

**IT IS FURTHER ORDERED** that ECF Nos. 104, 116, and 130 will remain under seal. Should the court not receive a redacted version of these documents within 30 days of this order, it will unseal the documents for which no redacted version has been filed.

**IT IS FURTHER ORDERED** that ECF No. 105 is granted *nunc pro tunc*.

DATED: April 6, 2020

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE